UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

Eastern District of Kentucky
**FILED**

JAN 0 4 2006

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-80-GWU

DANNY COLLINS,                                          PLAINTIFF,

VS.                          **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,                       DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative

denial of his application for Disability Insurance Benefits (DIB). The appeal is

currently before the Court on cross-motions for summary judgment; the plaintiff has

also filed a motion for submission of additional evidence in the record and motion

for a remand under sentence six of 42 U.S.C. Section 405(g).

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has set out the steps applicable to judicial

review of Social Security disability benefit cases:

1.   Is the claimant currently engaged in substantial gainful activity?
     If yes, the claimant is not disabled. If no, proceed to Step 2.
     See 20 C.F.R. 404.1520(b), 416.920(b).

2.   Does the claimant have any medically determinable physical
     or mental impairment(s)? If yes, proceed to Step 3. If no, the
     claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

1

Collins

3.  Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to Step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 461.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform this kind of past relevant work? If yes, the claimant was not disabled. If no, proceed to Step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education, and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(1).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984).

Applying this analysis, it must be remembered that the principles pertinent to the judicial review of administrative agency action apply. Review of the Commissioner's decision is limited in scope to determining whether the findings of

Collins

fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the detracting factors in the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another point to keep in mind is the standard by which the Commissioner may assess allegations of pain. Consideration should be given to all the plaintiff's symptoms including pain, and the extent to which signs and findings confirm these

3

Collins

symptoms.   20 C.F.R. Section 404.1529 (1991).   However, in evaluating a

claimant's allegations of disabling pain:

> First, we examine whether there is objective medical evidence of an
> underlying medical condition.   If there is, we then examine:   (1)
> whether objective medical evidence confirms the severity of the alleged
> pain arising from the condition; or (2) whether the objectively
> established medical condition is of such a severity that it can
> reasonably be expected to produce the alleged disabling pain.

Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.

1986).

Another issue concerns the effect of proof that an impairment may be

remedied by treatment.  The Sixth Circuit has held that such an impairment will not

serve as a basis for the ultimate finding of disability.  Harris v. Secretary of Health

and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984).  However, the same

result does not follow if the record is devoid of any evidence that the plaintiff would

have regained his residual capacity for work if he had followed his doctor's

instructions to do something or if the instructions were merely recommendations.

Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106,

1113 (6th Cir. 1986).

In reviewing the record, the Court must work with the medical evidence before

it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups.  Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir.

4

1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical

vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R.

6

Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The administrative law judge (ALJ) found that Collins was status post surgery involving a C5 and C6 corpectomy, a C4 to C7 anterior fusion, as well as surgery involving his right knee. (Tr. 16). The impairments from these conditions were believed to restrict the plaintiff to a limited range of light level work. (Tr. 17). While this prevented him from performing his past work as characterized by the vocational expert (VE), he was still deemed above to perform significant numbers of other jobs in the economy. (Tr. 17-18). Accordingly, benefits were denied. (Tr. 20).

The hypothetical factors presented to the VE for which jobs were identified included: (1) a light level lifting ability, (2) a need not to be required to turn the neck on a frequent basis or to maintain awkward positions on more than an occasional

basis, (3) an inability to use his arms in an overhead position. (Tr. 255). The VE indicated that she was giving examples of alternative jobs, some of which would not involve repetitively bending the neck or twisting it on any basis at all (Id.) or, if a clerical job, one would not need to be "hunched over desks" (Tr. 256). The question for review is whether these factors fairly depicted the patient's condition.

The plaintiff does not appear to challenge the physical factors cited to the vocational expert. Moreover, it is clear that these factors depicting the plaintiff's physical capacity were drawn from a report issued by Brett Andrew Scott (Tr. 187), the neurosurgeon who had performed the patient's cervical corpectomies and fusion (Tr. 92) for severe arm and neck pain resulting from a C6-7 herniated disc and C4-5, C5-C6, and C6-C7 spinal stenosis and degenerative kyphosis (Tr. 93) and followed him for more than a year thereafter (e.g., Tr. 86-93., 183-188).[1]

Instead, the plaintiff's argument on summary judgment is that "at the very least, the administrative law judge should have ordered a psychological evaluation or notified counsel for the plaintiff that he intended not to order a psychological evaluation and allow further development of the record." In addition to the arguments

---

[1]The Court notes that the neurosurgeon did not appear to have taken into consideration limitations imposed by the plaintiff's knee problems, that current x-rays had revealed degenerative disease (Tr.113) and that additional restrictions were noted by other physicians who had considered Collins' knee condition (Tr. 115, 117, 153, 155, 182). Significantly, the plaintiff did not raise any specific issue regarding this physical impairment, however.

Collins

raised by the defendant in response, i.e., that the record contained little indicating

that a psychological evaluation was in order other than the fact that the plaintiff

"teared up" at the administrative hearing,[2] and the fact that the plaintiff was

represented by counsel, the Court notes that the plaintiff even now does not submit

in his motion to remand a copy of a psychological report which would provide

evidence that any significant or permanent psychological abnormality or intellectual

deficit would have been discovered. Thus, there was no ultimate prejudice shown

with regard to the failure to order the consultative psychological examination.

In connection with the plaintiff's motion for submission of additional evidence,

the plaintiff has attached several 2005 and 2004 reports of one treating physician

(and his nurse practitioner) whose earlier records were in the administrative

transcript. Most of the notes appear to contain little different detail than was in the

earlier notes, and there was no indication about the plaintiff's work status on the

forms. One note indicated that the plaintiff complained of depression, but this one

was not written until 2005, well after the ALJ's decision, and several months later,

there was a reference to "?referral to Comp Care–did not have anything regarding

---

[2]The plaintiff was seen on numerous occasions by medical professionals and
none noted any significant intellectual or emotional abnormality. Consultative Physical
Examiner Bobby Kidd, to the contrary, indicated that the plaintiff had a good recent and
remote memory, appeared to have normal intellectual functioning, and was able to follow
simple commands without difficulty. (Tr. 108).

9

Collins

Comp Care", which appears to negate any indication that there was a discrete, long-term mental condition even at that point in time. Thus, the Court concludes that these records were not "material" sufficient to justify a remand under sentence six of 42 U.S.C. Section 405(g).

The plaintiff's motions will be denied, and the administrative decision will be affirmed.

This the _____ day of January, 2006.

G. WIX UNTHANK
SENIOR JUDGE

10